Zhang v. Lynch

BIA
Christensen, IJ
A201 128 048

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of December, two thousand fifteen.

PRESENT:
> REENA RAGGI,
> PETER W. HALL,
> DEBRA ANN LIVINGSTON,
>     *Circuit Judges.*

_____

RIJUAN ZHANG,
>     *Petitioner,*

>     v.                                    13-3804
>                                           NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
>     *Respondent.*[*]

_____

---

[*] Pursuant to Fed. R. App. P. 43(c)(2), Attorney General Loretta E. Lynch is automatically substituted for former Attorney General Eric H. Holder, Jr. as Respondent.

**FOR PETITIONER:**      Troy Nader Moslemi, New York, New York

**FOR RESPONDENT:**     Stuart F. Delery, Assistant Attorney General; John S. Hogan, Senior Litigation Counsel; Nicole N. Murley, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Rijuan Zhang, a native and citizen of the People's Republic of China, seeks review of a September 20, 2013 order of the BIA, affirming the April 23, 2012 decision of Immigration Judge ("IJ") Jesse B. Christensen denying Zhang's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). See In re Rijuan Zhang, No. A201 128 048 (B.I.A. Sept. 20, 2013), aff'g No. A201 128 048 (Immig. Ct. N.Y.C. Apr. 23, 2012). Zhang sought such relief based on political persecution in the form of multiple beatings by Chinese authorities when resisting their efforts to force his wife to have abortions for violating family planning policy. Under the circumstances of this case, we review the IJ's decision as modified by the

BIA, see Xue Hong Yang v. U.S. Dep't of Justice, 426 F.3d 520, 522 (2d Cir. 2005), applying well established standards of review, see 8 U.S.C. § 1252(b)(4)(B); Yanqin Weng v. Holder, 562 F.3d 510, 513 (2d Cir. 2009). In doing so, we assume the parties' familiarity with the underlying facts and procedural history in this case.

For asylum applications governed by the REAL ID Act, such as Zhang's, the IJ may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's demeanor, candor, or responsiveness, and inconsistencies in his statements and other record evidence, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); see Xiu Xia Lin v. Mukasey, 534 F.3d 162, 163-65 (2d Cir. 2008).

Here, inconsistencies and omissions in Zhang's testimony and his asylum application and Zhang's failure to rehabilitate his credibility with reasonably available corroborating evidence support the IJ's credibility determination. Zhang testified that he went to a hospital to seek medical treatment after he was detained and beaten in 2000, but his asylum application and written statement do not mention the hospital visit. When asked to explain this omission, Zhang stated that there was nothing to mention. The IJ reasonably found Zhang's

3

explanation unpersuasive.  See Diallo v. Gonzales, 445 F.3d 624, 630 (2d Cir. 2006) (stating that IJ is not required to credit "an asylum applicant's explanations for apparent inconsistencies or contradictions in the record"); Xiu Xia Lin v. Mukasey, 534 F.3d at 166 n.3 ("An inconsistency and an omission are . . . functionally equivalent.").

The agency also reasonably relied on internal inconsistencies in Zhang's testimony.  For example, Zhang testified inconsistently as to whether the family planning authorities arrested him in 2000.  Zhang's testimony and evidence were also contradictory as to whether he applied for a birth permit in 2000, 2002, or not at all.  Zhang's counsel acknowledged this inconsistency, arguing that it was minor and that Zhang only had five years of education.  The IJ reasonably found these explanations insufficient.

Zhang also testified inconsistently regarding whether he was fired from his job after authorities arrested him in 2010, or simply did not return to work.  Zhang argues that this inconsistency was "nonexistent" because there was more than one reason why he did not return to work.  Zhang does not explain, however, why he did not state that he was terminated when he was first asked why he did not return to work.  The agency reasonably found that Zhang's failure to mention his

4

termination until prompted by the IJ undermined his credibility, and that his explanation that he "did not listen clearly" was unpersuasive. See Majidi v. Gonzales, 430 F.3d 77, 80-81 (2d Cir. 2005) (holding that IJ need not accept plausible explanation for inconsistency unless reasonable fact-finder would be compelled to do so).

Finally, the agency reasonably found that Zhang failed to provide reasonably available corroborating evidence sufficient to rehabilitate his credibility in light of his inconsistent testimony. See Biao Yang v. Gonzales, 496 F.3d 268, 273 (2d Cir. 2007). Zhang did not present evidence of either his alleged medical treatment in 2000 or his wife's alleged abortions and sterilization. The IJ also reasonably gave the letter from Zhang's wife limited evidentiary weight because she was an interested witness unavailable for cross-examination. See Xiao Ji Chen v. U.S. Dep't of Justice, 471 F.3d 315, 342 (2d Cir. 2006) (stating that weight afforded to applicant's evidence "lies largely within the discretion of the IJ" (internal quotation marks omitted)).

In sum, we identify no error in the agency's adverse credibility determination. Accordingly, we need not discuss Zhang's application for withholding of removal and CAT relief separately from his claim for asylum, as all three fail for

5

lack of credible evidence.  <u>See</u> 8 U.S.C. § 1158(b)(1)(B)(iii); <u>Xiu Xia Lin</u>, 534 F.3d at 167; <u>see also</u> <u>Paul v. Gonzales</u>, 444 F.3d 148, 155-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court